Thank you, Chief Judge Rader. Judge Neumann, Judge Prost, may it please the Court. Under the District Court's interpretation of Section 120, the 418 patent suit clearly would have the benefit of the December 1987 filing date of the first application if his patent attorney had not broken the chain of continuity of disclosure of the patent. between the third and fifth applications by taking out what is figure 12 of the 418 patent and associated text. As we said below and here repeatedly, we recognize that District Court's interpretation of their statute follows a long line of cases of this Court and its predecessor court, CCPA. And we are mindful of the starry, decisive effect of those decisions. We are certainly mindful of the rather monumental task that I face in trying to convince the Court. Are you asking us to go on bonk? Well, I think this is the first step. So I guess to answer your question, the answer is ultimately yes, Your Honor. You recognize the panel does not have the authority to rule in your favor. The only way to get a ruling in your favor would be for the Court to act. We come in here in good faith because this is an important matter for our client, Dr. Weidegrover. It represents a lifetime work for him. Having been stricken with multiple strokes is really the only meaning for assets he has. Now, we are not suggesting in any way those conditions mere special considerations, but what we did do is we looked at the statute, section 120. We looked at the legislative history, the commentaries that are given by, among others, Examiner-in-Chief Federico. And we submit to you that we don't believe Congress intended to include, and in fact did not include, the continuity of disclosure requirement in section 120 in each and every application in a prior to change. Now, to ascertain the intent of Congress for this statute, section 120, we start by looking at the statute itself in context with the legislative history. And I would concede to Your Honors that, yes? Looking at 120, 120 specifically references section 112. That's correct, Your Honor. I suppose that's where the continuity of disclosure requirement might be considered as part of 120. Is that your understanding? Well, Your Honor, I think my answer is respectfully no. And here's the reason why. If you were to look at that statute and reading it, all the cases that, obviously, district court relied upon and courts cited, and the numerous decisions by this court and CCPA dealing with the exact decision. What we have not seen is a specific treatment in any of those cases that deals with the impact of Congress's initial draft of the statute that included expressly the requirement of continuity of disclosure. I believe that was House Bill number 9133 from 1950. That was taken out in the subsequent bill, which I believe is 3760 from 1951. And going back to your question, Judge Rader, is there a requirement that the early application must contain disclosure sufficient under section 112 for the claim subject matter of a later application? I think the answer is absolutely yes. That's what the statute requires. What it does not require is that that disclosure be made in all applications. The clear language of the statute simply refers to an application previously filed in the United States. It does not require each and every application in the chain. I'm not sure if I answered your question in the way that you wanted me to answer. No, I think you've given a good answer. Okay, thank you. Can I move on? To go back to House Bill number 9133, that stated, and I'm going to quote, the disclosure of the later application has been pending continuously in the Patent Office since the date of the prior application. And as I stated before, that requirement was taken out, and there really is a debate before this Court. And I think it comes down to a very straightforward issue that Court must resolve, whether in this panel or en banc, which is, what did Congress intend to do by removing that reference to continuous codependency, which Examiner-in-Chief Federico said, that's what continuity of disclosure is. Now, there are two ways. Did that signal or indicate the intent by Congress to take that requirement out altogether? Or did Congress simply carry that requirement forward by using alternative but equivalent text? If the former is correct, then summary judgment should be vacated. If latter is correct, and as Gore has argued, and as District Court so held, we lose, we concede. That's the end. If we were to undertake, not necessarily as a panel, the questions that you raised with respect to legislative history and so forth, should we not be influenced by the fact that this is longstanding precedent that hasn't been the subject of a lot of controversy or action, or even questions raised by Congress, and that there are settled expectations of parties, given that our precedent is so longstanding? Your Honor, that's a rather difficult question to answer, but I do my best. I think you're absolutely right. There has been 60 years of case on this issue, and I submit to you that we have not found any case that directly supports our view. They go against us. But I think, as the Supreme Court has said, it matters involving longstanding practice or patent bar of this Court in dealing with other issues, obviously. I'm not sure whether that issue should be given special consideration other than being over-reviewed by this Court, as this Court has said is a proper standard for statutory interpretation. Let me ask you a question that's been bothering me, which is peripheral to this. Let's say that the first application does not meet the 112.6 requirements for what's finally claimed in the third or the fifth application, that the chain of priority is recited. So far, so good. That is, if nothing issues and nothing is published, then the fifth application doesn't find the first application cited as a reference against it, even though it doesn't meet the 112.6 requirements, as you might need if you were agitating a reference, seeking a constructive reduction of practice or something. Does that, in your mind, now let's take the next step. The first application, which ends up claiming something else, is granted and issued. Is that subject matter in the first application, which is in the state of disclosure, which doesn't meet the 112.6 requirement in the first, is that now a valid reference against, let's say, the fifth, as you view our precedent? Is that too complicated? Well, Your Honor, it's not. I'm trying to understand so that I can give you the responsive answer as best as I can. I think the, if Your Honor is talking about the policy consideration related to public notice, I'm not sure if that's what you're getting at. Well, of course, the patent law reflects policy, and as 120 was written and so on, plus the chain, all of these provisions, which are getting more and more complex and hard to understand, reflect the public policy. And I don't know for sure, although I have an opinion, whether precedent answers the question that I asked you. I'm not sure if it does, Your Honor. And as to how it should be, if in fact it can go either way, is, I think, quite important, because we see the tendency is to continue to file continuations and divisionals and divisionals in part and continuations in part, and then surprise what was in one publication, and all of a sudden your own work is a reference against you. It doesn't sound to me as if this is what was intended. However, there are policy reasons. There are policy reasons on all sides. And I know that you've now had occasion to look into our precedent in all of those, I think better than I have. And I'm interested in your view as to where we are and perhaps also where we should be. Well, I see that my time is up. No, please, please. Yeah, with the Court's permission, I'd like to answer that question. I think the public policy behind that is really twofold. One is to make sure that for an inventor to get priority date that's earlier than actual filing date, there has to be clear evidence that he had possession of his invention at the time of the claimed priority date. And I think there is no dispute here that the claimant has been married. That's different, yes. But I was looking more at 103, where in fact did your first idea render your later idea obvious, because the first idea, despite a perfectly valid chain of incorporation by reference, despite the fact that you have that, the first one slips out of the patent as granted and published. And I think under Section 120, so long as you could meet the express requirements of Section 120, I think the inventor or the patentee would have the benefit of the first application date. My question is what if it doesn't meet 126? But is it enough to render obvious what you finally came up with in the chain? Possibly. Possibly. I'm not sure. Let me think about that as well. I've been interested in your idea. I've been thinking about it. Okay. Thank you, Honor. Okay. It's almost afternoon, but I'll say good morning, Your Honor. I'm interested in having you answer her question. It may or may not affect this case, of course. I honestly got lost along the way. But I could give you another illustration which would show. Let me try again.  Right. And the first reference is issued, so it's now public. Is it going to be prior art against a later continuation? If it lacks adequate disclosure, it discloses enough to cause you an obviousness problem, but it doesn't meet the written description requirement. Well, if it doesn't meet the written description requirement. It's only 112.6, one way or another. Yeah. Because that's what they say in the statute. But it's there. I believe that if there's a continuity of disclosure, then the applicant has a right to go back for whatever he's claiming now to the original application, and that would, to me, be a defense. To the extent that what is presently being claimed is supported in the original application. But there's some little aspect that's not disclosed. There's something that's not disclosed. If one of skill in the art can perceive it's there and therefore says that it is obvious in light, but it's not disclosed, so under 112 written description requirement, it's dead. That's the question. So what do you do about that? Because written description is pretty strict. You've got to have support for everything that you've done, possession. You don't. It's just not there. They have deleted something. But one skill in the art, reading it says, oh, I know what they've left out, and they can use that to render it obvious downstream. What do you do about that? I don't see, I'm sorry, but I don't see a problem. If one skill in the art, from reading it, can see that one little thing that's necessary, then it meets the test for written description. Namely, would a person's skill in the art understand that the bento was in possession? Well, let's say this case is close to that, that they can figure out the little groove slots. I'm sorry. And everybody kind of knows that the groove slots is the only way you're going to do this. This case may be easier. This is quite different. I perceive that. But let's help us for a second to use this case as an example. I'll have difficulty doing that, Your Honor, because it's not even close. Well, it's your podium. You can answer as you wish. Well, the only reason that the patent suit discloses the invention is because it incorporated by reference the disclosure of every preceding application. And during the prosecution of the application, the examiner allowed the applicant to add that disclosure to the patent suit because it incorporated by reference. The parent application, the immediately parent application, lacked the incorporation by reference language. How should I say it's there? Well, if it's there, if it were there, then there would be continuity of disclosure because it incorporates by reference everything that came before, but it didn't. And so, therefore, there is a break in the chain. So you would tie it to whether or not they wrote in that heading, and I incorporate everything by reference rather than just saying this is a continuation in part of such and such. Yeah, that's the law, Your Honor. In fact, they've abandoned that argument. They made that argument below and abandoned it on appeal. Yeah, but they're kind of stuck with our precedent. They're very stuck with the precedent, Your Honor. I can't think of another instance where the principle is more firmly embedded in the law than that in continuation practice you have to have continuity of disclosure. And you have to say incorporated by reference? Well, that's one way. You have to say it in order to bring the disclosure of the earlier patents into the disclosure of the then pending application. But if it's a continuation, by definition, it's all there today. But it's not a continuation because it didn't include the disclosure of the invention. It's called a continuation, but it's not truly because they didn't include the invention disclosure. Back in 1846, the Supreme Court in Godfrey v. Ames defined continuation practice. It said that when you have two applications that are co-pending for the same invention, it's treated as a single application for purposes of the filing date. And then In re Hogan quoted Godfrey v. Ames and said, when you have a chain of applications that disclose the same invention, it's treated as a single application for purposes of filing date. The question I want to focus on is where the first application does not disclose the complete invention, but you still incorporate all of that disclosure through your chain. Maybe, and let's say, to make it simpler, and you say in every new application, I incorporate by reference everything that's gone before. And then you get to the last one which plugs the gap and has the final thing which makes work what you want to claim. Meanwhile, your first application has issues with different claims. Is that a reference against you, or is the fact that you've got this chain enough to avoid having that first one a reference against you? I think it's a reference for everything it discloses, Your Honor. Because it's published? Yeah. It's issued, it's published, it's a reference for everything it discloses. If it lacks an element of the claim that you're trying to get, then you don't have the full continuity of disclosure, and it becomes a reference. But you carry forward the identical disclosure. It's just a little bit extra. But I did say that you can go back to the original filing date for whatever it's disclosed. I get where you're coming from. I do get it. I think there's a difference between entitlement to a filing date and the earlier one that was a reference against you. And I haven't seen that distinction drawn. Again, this case, from your viewpoint, I think, is the actual legal problem, simply. Because the disclosure has changed. They've conceded in the table on page 10 that the parent application lacks the invention disclosure. There's a break in the chain. Now, Mr. Lee relies on the statute, and Judge Rader, you asked what provision in the statute gives that requirement for continuity of disclosure. And the provision in the statute that does that is the provision which allows an intervening application to provide a link or a bridge between the pending patent and the first application. It has specific provision. And by the way, the abandoned statute, the draft of the statute, is totally irrelevant. As Mr. Lee himself has said, what you do is you look at the statute as enacted and you read those terms. You don't have to go back and say, well, wait a minute. The language from the first draft isn't in here. Therefore, the statute doesn't have continuity of disclosure. The statute, as I mentioned, has a different provision that wasn't in the draft that accomplishes the same thing. And it says that this intervening application can provide that link in the chain if it's similarly entitled to the benefit of the filing date. That language has been interpreted in 2010 in the Encyclopedia Britannica case. In that case, the issue before the court was whether there's four requirements of Section 120. One of them is that you have to specifically refer to the priority application. And the issue in that case was whether the intervening application had to specifically refer. But in holding that it does, the court said the intervening application must satisfy all four requirements. And that makes sense because the intervening application is sort of a surrogate for the pending or patented suit. There was no co-pendency, and so you then take another application that bridges the gap. And if the patented suit has to meet all four requirements, so too does the intervening application. Just think of how many hundreds of thousands of patents will be invalidated if that's the law. What's the law? What you just said. If the first one doesn't essentially meet all four requirements, then even though you've got continuity, incorporation by reference, and all the rest of it, once the first one is published, it's a reference against the others. Well, I meant the pending application doesn't have... In other words, the pending patent application has to have co-pendency with the priority application. In our case, it didn't have co-pendency. But there were a series of applications forming a chain linking the two. The parent application, the immediate parent of the patent suit, lacked the disclosure of the invention as Lettigerber conceded, and therefore the chain was broken. Now, let me pose this hypothetical. That's why I say your case is different, because it's clear enough that there was a shift. Yeah, they knew the law. Because I think a lot of people do exactly that. They file a parent, and then they file a continuation, and a CIP, and a divisional. Then they continue the divisional. I know, it's become a problem. And they think they're safe. And we're going to tell them they're not safe. Well, they're not safe. They know what the law... The law was clear. Mr. Lee said the law has been clear. The patent attorney knew what the law was. If they have a problem, it's with the patent attorney who dropped the ball. But let me pose this. Suppose they were trying to get the benefit of the immediate parent application. Suppose that here they're trying to get the benefit of the great, great, great grandparent. Suppose they were trying to get the benefit of the immediate parent only. Now, they can see that the immediate parent lacks the invention disclosure. So I don't think it can be disputed that they wouldn't be entitled to the benefit of the parent application. It doesn't even disclose the invention. How, then, can they go behind that and get the benefit of the great, great, great, great grandparent application, which issued as a patent seven years before the patent suit was filed? Because you're postulating that the disclosure is different. Well, there was no disclosure in the parent. Okay, so that... Actually, that's pretty easy, isn't it? That's easy, but so their argument doesn't hang together, because according to them, it doesn't matter what the intervening applications disclose. I mean, they could disclose a tire iron or a rubber ball. As long as it's pending, according to them, that's enough. As long as the first application discloses the invention, it doesn't make any sense. A lot of people think that's the law? Well, I mean, I think that's what Mr. Lee thinks the law is. That's what I thought the law was. Hmm? Excuse me? Yeah, it's continuity. But there is no continuity of disclosure is what's needed, of the invention. That's the essence, the heart of continuation practice. And that was the law before section 120 was enacted. So, suppose they put in... I incorporate everything by reference, and all of the succeeding five or six in the chain. Then you have a different situation. They did that with the patent in suit, but they didn't do it with the parent application. That was really my question. If they had... If they had done that, they would have been okay. They didn't do it. So they should go sue their patent attorney. I mean, they're trying to get the benefit of a statute that gives something that you're not ordinarily entitled to, and that is a filing date earlier than the actual filing date. They should be required to comply with the statute. And it says, similarly entitled to the benefit. As I said, that language has been interpreted by this court in the Encyclopedia Britannica case. Way back in the CCPA, in the Henrickson case, they went through the entire legislative history, including the abandoned statute, the draft of the statute. They went through Mr. Federico's comments, and they held that every application in the chain has to satisfy all four requirements of the statute, including every intervening application. So it's been addressed. In fact, in the Zeon case, which, Your Honor, was a dissent, filed a dissent. And if you recall in that case, it was a very similar situation. The issue was whether the parent, by incorporating by reference, had incorporated enough to disclose the invention that was claimed. And Your Honor argued in the dissent that it did. And you relied on common sense and practical analysis, which is something that you're known for. And you didn't prevail. Obviously, you wrote the dissent. But the understanding was that you had to meet the continuity of disclosure requirement. That was the whole premise of it. Final thoughts for us, Mr. Markins? Well, let me just... Now, your time has expired. Do you have a final thought? Well, let me read... Mr. Lee talks about the legislative history, but he never yet has mentioned the committee report on the statute, which is found in the appendix at page 002239. We'll look at that. Under the heading... We'll look at that on our own. It says the section represents present law, section 120, present law. They don't dispute that present law at that time required continuity of disclosure. I would just say this. I have yet to hear Mr. Lee, in a brief or before the court, offer any explanation or reason why Congress would make such a drastic sea change in the law to abandon the continuity of disclosure requirement. There's been no explanation for why Congress would do that. And clearly they didn't. Thank you. Mr. Lee, you have a little over two and a half minutes. Thank you. Before I address the points that Mr. Marcus made, let me try to at least answer your question. I think that your question assumed there was a continuity of disclosure throughout the chain. It's just that what is being claimed in a later application, to put it colloquially, is claiming more than what is disclosed in the first application. Yes, I made that assumption because it was part of the question. And I think that situation was something that was at least contemplated by the enactors of section 120. I'm looking at appendix 2195. It's a comment by Examiner-in-Chief Federico. And he said, statute is so worded that the first application may contain more than the second, or the second application may contain more than the first. But, in either case, the second application would be entitled to the benefit of the filing of the first case with respect to the common subject matter. The common subject matter determination is something that is, I think, determined by this court standard. It has delineated over the years for section 112. And I think that's always viewed in the eyes of a person of ordinary skill in the art. I don't know if that answers your question. That is my question. Common subject matter, but it may not meet 112. But it's common subject matter. Well, I think that the statute does require that the common subject matter determination is met by looking at the standards of 112. I don't think there's any other way around that. We certainly can see that. Moving on to the related issue which Mr. Marcus just raised, the pregnant, in that the section 120, as enacted in 1952, was an intent by Congress to adopt what had been existing prior to that point. And I think that's true with respect to a large portion of it. But there are also comments by Examiner Federico and others that there are changes made to concepts, not just to text. I wish those commentaries were clearer than what they are. But there is no doubt, and as we pointed out in our both briefs, there are changes made. Concepts were changed. And the conduit for argument, really, is that the first bill contained an express requirement. That was taken out. That requirement, at least in those words, don't show up in the statute as they exist today. It wasn't changed in 1999. It wasn't changed just last year. That language lives on. That requirement does not show up in those words. And if you were to go back to the earlier bill and the second bill, which is 3760 and 7794, there's nothing in the legislative history that indicates that Congress meant to substitute that requirement with some other language. Now, I recognize... Final thoughts, of course, Mr. Lee. Thank you, Your Honor.